Smith, J.
We are of the opinion that the judgment of the court of common pleas that the rights of Geisinger & Bros, and Parry, were superior to that of The Soules Lumber Co., was right. James, the contractor, on the 8th of Sept., 1890, gave said Company an order on Tollheis, the owner of the building which James was erecting for him, for $500, on account of his contract. Tollheis knew of this, but did not accept or promise to pay it.
The building was completed December 1, 1890, and there was then owing by Tollheis thereon a balance of $434. On December 20, 1890, and January 20, 1891, Parry and Geisinger Bros., sub-contractors under James, respectively filed with Tollheis, under the provisions of sec. 3193, a sworn and itemized, statement of the amount and value of the labor so performed by them respectively on the building. Both were filed within sixty days from the time the labor was performed as provided by the section. This availed to give them a lien on the property for the amount of the money then in the hands of Tollheis, not before paid to James and remaining due on the eontract, which was superior to the claims of The Soules Lumber Co., which did not operate as against any valid liens subsequently acquired. If Tollheis on December 1, 1890, when the last payment became due, had paid to James, or perhaps to The Soules Lumber Co. as his assignee, the balance then due without knowledge of the claims of Geisinger Bros., or Parry, we suppose he would háve been fully discharged from liability on his contract. But he did not do so. Therefore the provisions of sec. .3194 as to filing notice within ten days after payment is due, do not apply to this case. A decree may be entered accordingly.